UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2226-D

**Kelvin D. McKeithan**,

                Petitioner,

v.

**Carlton Joyner**,

                Respondent.

**Order &
Memorandum & Recommendation**

On October 1, 2015[1], petitioner Kelvin D. McKeithan ("McKeithan"), a state inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. The court now conducts its preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Also before the court are McKeithan's "Notice and Demand for Appointing and Assigning the United States District Court and Officers of the Court as Trustees" (D.E. 3) and "Notice and Demand for Trustee" (D.E. 4). For the following reasons, McKeithan's pending motions (D.E. 3, 4) are denied, and the undersigned recommends that the court dismiss McKeithan's petition.

**I.    McKeithan's "Notice and Demand"**

McKeithan's has filed two documents (D.E. 3, 4) labeled as "Notice and Demand" which, taken together, constitute a request for the court to serve the instant petition upon respondent. He also seeks an order from the court instructing respondent to "appear, answer, plead, and defend and to show cause why the Writ for Habeas Corpus should not issue." Mot. at 1, D.E. 4. Because the court has not completed its preliminary review of McKeithan's petition, these requests are premature and are therefore denied.

---

[1] McKeithan filed an amended petition (D.E. 6) on November 9, 2015 in response to an order regarding a notice for deficiency entered by the undersigned on October 7, 2015 (D.E. 5).

## II. Preliminary Review Pursuant to Rule 4

On August 3, 2015, McKeithan pleaded guilty to second-degree murder and first-degree kidnapping. Pet. at 1, D.E. 6. McKeithan's allegations are rambling and disjointed, but it appears that he now seeks to challenge his state criminal convictions on the ground that the State of North Carolina lacks jurisdiction over him. *Id.* at 5-11. For example, he asserts that he is "a sovereign and private, living man, and am not a 'person' described/defined by or under the constitution and laws of the United States or Uniform Commercial Code of North Carolina as an entity, corporation, chattel, government agency nor business." *Id.* at 11.

The court rejects McKeithan's nonsensical assertion that he is exempt from the laws of this state because of his status as a private person and natural, independent man. *See e.g.*, *Cunningham-El v. Whitener*, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1 (W.D.N.C. Jan. 18, 2012) (unpublished) (rejecting "Moorish independence" argument); *Headen-El v. Keller*, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished) (collecting cases); *Caldwell v. Wood*, No. 3:07CV41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases). McKeithan's further "attempt[] to effect his release from prison under principles of contract and/or civil commercial law [is] legally frivolous." *Harris v. Kammerzell*¸ 440 F. App'x 627, 629 (10th Cir. 2011) (unpublished); *see United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005). Thus, McKeithan's claims should be dismissed.

In sum, McKeithan's pending motions (D.E. 3, 4) are denied, and the undersigned recommends that the court dismiss McKeithan's petition for writ of habeas corpus (D.E. 1, 6).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the

Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: June 1, 2016

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE